[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ON APPLICATION FOR ISSUANCE OF WRIT OF HABEAS CORPUS AD TESTIFICANDUM
On or about December 14, 1990, The Department of Children and Youth Services (hereinafter DCYS) filed a petition pursuant to 46b-129(a) alleging that Sheryl S. a fourteen year old minor, is a neglected and uncared child. The issue for this court to decide is whether her natural father, the respondent, who is presently incarcerated at the Federal Penitentiary at Lewisburg, Pennsylvania pursuant to the Interstate Corrections Compact (I.C.E.) (18-105, et seq.) has the constitutional right to be physically present at all hearings relative to said petition.
On or about December 14, 1990, the Department of Children and Youth Services (DCYS) filed a petition of neglect pursuant to 46b-129(a) of the Connecticut General Statutes alleging that Sheryl S., a fourteen year old minor was a neglected and uncared for child. The allegations against both her natural CT Page 2928 parents were as follows:
 1. That she was denied proper care and attention, physically, emotionally, or morally and was permitted to live under circumstances or associations injurious to her well being.
 2. That she was abused in that injuries had been inflicted upon her other than by accidental means.
3. That she was uncared for in that she is homeless.
The natural mother was personally served the petition and appeared in court on February 4, 1991 advised of her rights, and counsel was appointed to represent her. On February 25th, she appeared again and denied the allegations. On March 11th, she appeared with her attorney and filed a plea of nolo contendere to these charges. After being canvassed by the court that her plea was knowingly and voluntarily made, and with approval of counsel, it was accepted, and a finding of neglect was entered against her.
The natural father was served this petition by registered mail because he was incarcerated. He was a Connecticut prisoner and was originally confined at Somers. But the Commissioner of Corrections transferred him first to a federal prison in Terre-Haute, Indiana, and now is currently incarcerated in F.C.I. Lewisburg, Pennsylvania. He had acknowledged receipt of the petition and requested by letter to the court that the Commissioner bring him to any further hearings and that counsel be appointed. At the hearing on March 11, 1991, his attorney filed a Motion of Habeas Corpus ad Testificandum requesting the court to order the Commissioner of Corrections to physically bring him to all future hearings on this petition. Both the attorney for the Commissioner and for DCYS orally opposed the motion on that date, and subsequently, all the attorneys filed memorandums of law on this motion.
There is no disagreement that a natural father is a necessary party on a neglect petition filed under 46b-129(a), C.G.S. Furthermore, "46b-135 C.G.S. requires that before any hearing on a neglect petition may commence, a parent shall have counsel appointed, and a parent also has the due process rights of confrontation and cross examination.
Under our Rules of Practice, Rule 1023 makes a parent a legally necessary party to a neglect petition, and Rule 1041 requires the presence of all necessary parties, that notice be found, and that right to counsel and the right to remain silent and other due process rights are to be explained by the court. CT Page 2929
Both parties agree that the Commissioner of Corrections has jurisdiction of this respondent even though he is in an out-of-state prison pursuant to the Interstate Correction Compact, C.G.S. 18-105 et seq.
The state claims that the statutes under said compact do not apply in this case because his due process rights can be satisfied without his presence in court by his counsel providing him transcripts of the hearing and using other methods such as a telephone hook-up for cross-examination of witnesses and for his testimony. They cite In Re Juvenile, 187 Conn. 431 (1982) in support of this position. He was not a Connecticut prisoner with rights under the Interstate Corrections Compact, therefore is distinguishable from In Re Juvenile. The state suggests a similar procedure be used in this case.
That Supreme Court decision can be distinguished because in that case, the respondent was convicted and incarcerated in California and the Interstate Corrections Compact did not apply.
In this case, the respondent was convicted in Connecticut, transferred to other prisons outside the state by the Commissioner of Corrections. He has jurisdiction over him and must afford him the rights and benefits under 18-105, C.G.S. et seq. under Article IV(h):
 Any inmate confined pursuant to the terms of this compact shall have any and all rights to participate in and derive any benefits or incur or be relieved of any obligations or have such obligations modified or his status changed on account of any action or proceeding in which he could have participated if confined in any appropriate institution of the sending state located within such state. (Emphasis added)
Furthermore, Article IV requires the respondent's attorney to pursue all his rights under the Compact as he would have, had he been here.
 The parent, guardian, trustee, or other person or persons entitled under the laws of the sending state to act for, advise, or otherwise function with respect to any inmate shall not be deprived of or restricted in his exercise of any power in respect of any inmate confined pursuant to the terms of this compact.
Here, he would have been entitled to be present at all hearings through a writ of habeas corpus. The plain meaning of Section 18-105 C.G.S. et. seq., and the other Connecticut statutes and rules of practice cited herein, requires the CT Page 2930 Commissioner to bring him into court at all future hearings to satisfy these statutory and due process rights. In Re Jonathan P.23 Conn. App. 207 (1990).
Therefore, the respondent's motion for a writ of habeas corpus testificandum is granted.
ROMEO G. PETRONI, JUDGE